FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 09, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN RENTERIA CASTILLO (01);<br>DUVIEL HUMBERTO SOLARES GASTELUM (02),<br><br>Defendants. | No.  4:19-cr-06049-SMJ-01, 02<br><br>**ORDER MEMORIALIZING COURT'S ORAL RULING ON MOTION TO DISMISS** |

On May 28, 2020, the Court heard argument on Defendant Ivan Renteria Castillo's (01) Motion to Dismiss Indictment, ECF No 85. Defendant moved to dismiss the indictment because the Government deported a witness whom Defendant asserts would give material and favorable testimony for Defendant, a violation of his right to process under the Sixth Amendment. Co-Defendant Duviel Humberto Solares Gastelum (02) joined in the motion but did not present argument. At the conclusion of the hearing, the Court orally granted the motion in part as to count two of the indictment against Defendant only, finding the government deported a witness whose testimony would have corroborated Defendant's theory

ORDER MEMORIALIZING COURT'S ORAL RULING ON MOTION TO DISMISS – 1

that he did not know there was methamphetamine in the vehicle in which he was traveling. This Order memorializes and supplements the Court's oral ruling.

## BACKGROUND

Defendant Renteria Castillo and Co-Defendant Gastelum are each charged with one count of conspiracy to distribute 50 grams or more of actual methamphetamine and five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (viii) and one count of possession with the intent to distribute 50 kilograms or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). ECF No. 1.

Defendant, Co-Defendant, and the witness, Efrain Carrillo Gonzalez ("Carrillo"), were arrested after traveling from Los Angeles to Mesa, Washington on August 9, 2019. ECF No. 85 at 2. Co-Defendant Gastelum and Carrillo had traveled together to Los Angeles, California and stayed in a hotel there for approximately two days. *Id.* at 3. Co-Defendant Gastelum and Carrillo were only apart once during this trip—while in Los Angeles, Co-Defendant left the hotel for about one hour, during which period he told Carrillo to stay in the hotel. *Id.* While with Co-Defendant, Carrillo heard Co-Defendant talking on the phone frequently in multiple short calls that Carrillo believed were in a code and were discussions about transporting narcotics. *Id.* When Co-Defendant and Carrillo left Los Angeles, they picked up Defendant Renteria Castillo on the side of the road near a gas station north

ORDER MEMORIALIZING COURT'S ORAL RULING ON MOTION TO DISMISS – 2

1  of Los Angeles. *Id.* at 5. Defendant only had a small plastic bag when they picked
2  him up. *Id.* When the vehicle stopped in Mesa around 2:00 P.M., Co-Defendant
3  Gastelum and Carrillo were detained for immigration violations. ECF No. 85 at 2.
4  Authorities did not locate Defendant at that time but found him hiding in a field
5  around 8:45 P.M. that evening. ECF No. 85 at 2; ECF No. 94 at 5. In a sealed
6  response to Defendant Renteria Castillo's motion, the Government also submitted
7  evidence that prior to the events in August of 2019, Defendant's activities were
8  under investigation. *See* ECF No. 94 at 3–5. The investigation included tracking
9  Defendant Renteria Castillo's cell phone location. *Id.* at 4.
10  After their arrest, law enforcement executed a search warrant on the vehicle
11  in which Defendant Renteria Castillo, Co-Defendant Gastelum, and Carrillo were
12  traveling and found ten packages of methamphetamine in the trunk. ECF No. 85 at 5.
13  Officers interviewed Carrillo on August 12, 2019 and deported him to Mexico on
14  October 7, 2019. ECF No. 85 at 2–3, 6. A criminal complaint was filed against
15  Defendant and Co-Defendant on August 14, 2019. ECF No. 1.

16  **LEGAL STANDARD**

17  The Sixth Amendment guarantees criminal defendants "the right . . . to have
18  compulsory process for obtaining witnesses in his favor . . . ." U.S. Const.
19  amend. VI. Although the Government has an interest in enforcing immigration
20  laws, this interest must be balanced against the Defendant's right to present his

ORDER MEMORIALIZING COURT'S ORAL RULING ON MOTION TO
DISMISS – 3

defense. *See United States v. Leal-Del Carmen*, 697 F.3d 964, 970 (9th Cir. 2012) (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 864–66 (1982)). The Ninth Circuit has announced a two-factor test to achieve this balance, requiring a showing of (1) bad faith and (2) prejudice. *United States v. Dring*, 930 F.2d 687, 693 (9th Cir. 1991).

"The question of bad faith thus turns on what the government knew at the time it deported the witness." *Leal-Del Carmen*, 697 F.3d at 970. "[I]f the government interviews the witness or has other information suggesting that he could offer exculpatory evidence, the government may not deport him without first giving defense counsel a chance to interview him." *Id.* To show prejudice, the defendant "must make 'a plausible showing that the testimony of the deported witnesses would have been material and favorable to his defense.'" *Id.* (quoting *Valenzuela–Bernal*, 458 U.S. at 873. "[I]mplicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial." *Id.* (quoting *Valenzuela–Bernal*, 458 U.S. 868).

## DISCUSSION

Defendant Renteria Castillo argued the Government interviewed Carrillo and so knew that he could provide exculpatory evidence, and that Carrillo would have provided evidence corroborating Defendant's argument that he did not know there was a controlled substance in the vehicle. ECF No. 85 at 8. The Government

ORDER MEMORIALIZING COURT'S ORAL RULING ON MOTION TO DISMISS – 4

countered that Defendant failed to show Carrillo's "potential testimony in light of the totality of the evidence" was either exculpatory or material to Defendant. ECF No. 94 at 2.

There is no question that the Government interviewed Carrillo, knew his potential testimony, and deported Carrillo without giving Defense counsel an opportunity to interview him. *See* ECF No. 94 at 9–11. The questions the Court must address, therefore, are whether Carrillo would have provided exculpatory evidence and whether this exculpatory evidence would be material to the defense.

**A.    The testimony was exculpatory as to Count Two against Defendant**

Based on the contents of his interview, Carrillo likely would have testified that the only time he was away from Co-Defendant Gastelum was in Los Angeles, before Defendant Renteria Castillo joined the group, that Defendant was picked up carrying only a small bag, and that Defendant Renteria Castillo and Co-Defendant Gastelum only discussed family during the drive. ECF No. 85-1 at 3–14. The charge of possession with intent to distribute requires the Government to prove beyond a reasonable doubt that Defendant knowingly or intentionally possessed the narcotics with the intent to distribute them. *See* 21 U.S.C. §§ 841(a)(1). Carrillo's testimony would have corroborated the theory that Defendant did not know he was traveling in a vehicle with narcotics because it shows that (1) Defendant could not have introduced the large quantities of narcotics into the vehicle and (2) the narcotics

ORDER MEMORIALIZING COURT'S ORAL RULING ON MOTION TO DISMISS – 5

were likely placed in the trunk during the one-hour period during which Carrillo and Co-Defendant were separated in Los Angeles.

The Government argued Carrillo's testimony is consistent with Defendant Renteria Castillo's guilt, rather than exculpatory, because organizations such as the one Defendant is allegedly involved with regularly engage unwitting assistants and because his description of Defendant Renteria Castillo and Co-Defendant Gastelum's conduct "corroborates their suspicious activities." ECF No. 94 at 10, 12. However, while the Government would be free to argue as much at trial, the evidence is certainly consistent with a theory that Defendant did not know these particular narcotics were in this particular vehicle.

Co-Defendant Gastelum joined in the Motion to Dismiss Indictment but did not submit any separate briefing and declined argument at the hearing. ECF No. 89, 99. The Court finds that the evidence would not have been exculpatory as to Co-Defendant Gastelum. To the contrary, Carrillo's testimony that Co-Defendant engaged in many short, coded telephone conversations, Carrillo's belief that these were related to drug trafficking, and the evidence that neither Carrillo nor Defendant Renteria Castillo likely introduced the narcotics to the vehicle would have been inculpatory as to Co-Defendant. Because the Court finds this evidence was not exculpatory, Co-Defendant Gastelum has not shown the Government acted in bad

ORDER MEMORIALIZING COURT'S ORAL RULING ON MOTION TO DISMISS – 6

faith by deporting a witness with exculpatory information about him. As such, the Court denies the motion as to Co-Defendant Gastelum.

Because the testimony would have corroborated Defendant Renteria Castillo's theory that he did not have the requisite knowledge to commit the crime of possession with intent to distribute, this testimony would have been exculpatory. However, because the testimony only corroborates the theory that Defendant did not know that the specific narcotics found in the trunk of the vehicle were there, the testimony is not exculpatory as to the conspiracy to distribute methamphetamine and cocaine.

**B.    The testimony was material as to Count Two against Defendant**

Having found that Carrillo's testimony would have been exculpatory to Defendant Renteria Castillo, the Court now considers whether the testimony, in light of additional evidence, would impact the trier of fact. The Government argued there was substantial information showing that Defendant is a leader in a drug trafficking organization. ECF No. 94 at 12. The Government specifically presented evidence that three weeks prior to August 9, 2019, Defendant had sent messages regarding "[Co-Defendants'] load of heroin, methamphetamine and cocaine" that would be ready in a week and that in July or August, Defendant's cell phone GPS was pinging in northern California, near a location believed to be a supply point for Defendant's organization. *Id.* at 4–5. While this evidence may support a finding of

ORDER MEMORIALIZING COURT'S ORAL RULING ON MOTION TO DISMISS – 7

guilt, the Court finds that this evidence is not so overwhelming that it renders the exculpatory evidence immaterial, and the task of weighing and interpreting evidence is appropriately left to the jury. *See Leal-Del Carmen*, 697 F.3d at 972.

By comparison, the Ninth Circuit in *Dring* considered the materiality of the evidence "in light of the convincing evidence of [Defendant's] guilt," and determined that the evidence would not have been material. 930 F.2d at 695. However, this case is distinguishable from *Dring* in two main ways. First, unlike in *Dring*, where eleven witnesses were deported without being interviewed, here the Government knew Carrillo's potential testimony. *See id.* at 689. Second, the outcome in *Dring* reflected that the deported witness' testimony would be cumulative to the testimony of other witnesses. *Id.* at 689.

At oral argument, the Government argued Carrillo's testimony would be cumulative because Co-Defendant Gastelum could testify to the same. However, this argument ignores Co-Defendant Gastelum's right not to testify at his trial, and the Government provides no other witness to the exculpatory events. The Government further argued "Defendant has the GPS ping data for the location of the Defendant's phone during the time he was in LA; this evidence is far more precise than what this witness could offer." ECF No. 94 at 11. However, this evidence will not reflect that Defendant Renteria Castillo only brought a small bag into the car and so could not have introduced the large quantities of

ORDER MEMORIALIZING COURT'S ORAL RULING ON MOTION TO DISMISS – 8

methamphetamine, nor does it reflect Defendant Renteria Castillo or Co-Defendant Gastelum's conduct during the trip. Thus, Carrillo's testimony would not have been entirely cumulative.

Finally, the Government argued both in its briefing and at oral argument that availability of the interview transcript as evidence renders the witness testimony itself immaterial because Defendant can introduce the evidence by presenting the transcript. ECF No. 94 at 12. However, this proposition would essentially permit the Government to bypass a Defendant's Sixth Amendment rights by allowing the Government to deport a witness with exculpatory evidence and then argue doing so was not a Sixth Amendment violation by offering the interview transcript. The Court declines to fashion such an extraordinary exception to defendants' constitutional protections.

## CONCLUSION

Carrillo's testimony is exculpatory as to the charge of possession with intent to distribute methamphetamine and cocaine because it would have corroborated Defendant's theory that he did not know there was methamphetamine in the vehicle he was traveling in. It is also material because a reasonable trier of fact may weigh this evidence to determine that Defendant lacked the requisite intent. As such, Defendant has shown a Sixth Amendment violation and the indictment is dismissed as to count two against Defendant.

ORDER MEMORIALIZING COURT'S ORAL RULING ON MOTION TO DISMISS – 9

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant's Motion to Dismiss, **ECF No. 85**, is **GRANTED IN PART**.

**2.** Count two of the indictment is **DISMISSED** as to Defendant Renteria Castillo (01).

**3.** Co-Defendant Gastelum (02)'s Notice to Join in Pretrial Motions filed by Other Defendants, **ECF No. 89**, is **DENIED IN PART** to the extent Co-Defendant Gastelum joined in the Motion to Dismiss Indictment, ECF No. 85.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 9th day of June 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER MEMORIALIZING COURT'S ORAL RULING ON MOTION TO DISMISS – 10